ELIZABETH FIELDER
State Bar No. 6294
JOHN P. DESMOND
State Bar No. 5618
JUSTIN J. BUSTOS
State Bar No. 10320
JONES VARGAS
100 West Liberty Street, 12th Floor
PO Box 281
Reno, Nevada 89504-0281
Telephone: (775) 786-5000
efielder@jonesvargas.com
jpd@jonesvargas.com
jbustos@jonesvargas.com

EDWARD D. VAISBORT
State Bar No. 6153
LITCHFIELD CAVO LLP
245 S. Los Robles Avenue, Suite 450
Pasadena, CA 91101-3638
Telephone: (626) 683-5066
vaisbort@litchfieldcavo.com

*Attorneys for Defendant*
*DCR MORTGAGE III SUB I, LLC*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| CENTER OF HOPE CHRISTIAN FELLOWSHIP, LOCAL, CHURCH OF GOD IN CHRIST, a Domestic Non-profit Nevada Corporation,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>WELLS FARGO BANK NEVADA, N.A., DCR MORTGAGE III SUB I, LLC, a Delaware Limited Liability Company, WELLS FARGO FOOTHILL, INC., a California Corporation, ACTION FORECLOSURE SERVICES, INC., a California Corporation, and DOES 1 thru 10, inclusive,<br><br>　　　　　Defendants. | **Case No.:**<br><br>**DEFENDANT DCR MORTGAGE III SUB I, LLC NOTICE OF REMOVAL PURSUANT TO 28 U.S.C. §§ 1441, 1446**<br><br>Complaint Filed: February 22, 2011<br>Trial Date: None Set |

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEVADA AND THE HONORABLE JUDGES THEREOF:**

1       PLEASE TAKE NOTICE that Defendant DCR MORTGAGE III SUB I, LLC ("DCR") hereby removes this action from the Second Judicial District Court of the State of Nevada, in and for the County of Washoe, to the United States District Court for the District of Nevada.

      1.     On February 22, 2011, an action was commenced in the Second Judicial District Court of the State of Nevada, in and for the County of Washoe entitled *Center Of Hope Christian Fellowship, Local, Church Of God In Christ v. Wells Fargo Bank Nevada, N.A. et al.,* Case No. CV11-00524.  A copy of Plaintiff CENTER OF HOPE CHRISTIAN FELLOWSHIP, LOCAL, CHURCH OF GOD IN CHRIST's ("Plaintiff") Complaint, as obtained directly from the Second Judicial District Court's electronic file by DCR's counsel, is attached hereto as **Exhibit "A"**.  All other relevant process and papers in the possession of DCR or its counsel (again, as obtained by counsel from the electronic file) are attached hereto as **Exhibit "B"**.

      2.     As of the date this Notice was signed and filed, DCR has not been formally served in this matter with a summons and complaint.  Under 28 U.S.C. § 1446(b), DCR must file this Notice "within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading."  Since DCR has not been served, the 30-day statutory deadline for removal has not yet run against DCR.

      3.     This action is a civil action which this Court has original jurisdiction under 28 U.S.C. § 1332, and is one which may be removed to this Court by DCR pursuant to the provisions of 28 U.S.C. § 1441(b) in that it is a civil action between citizens of different states and the matter in controversy exceeds the sum of $75,000.00, exclusive of interest and costs.

      4.     Complete diversity of citizenship exists because Plaintiff is a citizen of the state of Nevada and Defendants are citizens of the states of South Dakota, Delaware, Florida, and California.

      5.     Plaintiff pleads in its Complaint that it is a Nevada non-profit corporation that operates as a church at the subject property at 1327 Pyramid Way, Sparks, Nevada ("Subject Property").  Accordingly, under 28 U.S.C. § 1332(c)(1), Plaintiff is a citizen of the state of Nevada.

///

///

///

6.      Defendant WELLS FARGO BANK NEVADA, N.A., merged with Wells Fargo Bank, N.A. on February 20, 2004 ("Wells Fargo").  Therefore, Wells Fargo Bank, N.A. is the proper defendant.  Wells Fargo is a national banking association chartered under the National Bank Act whose articles of association designate the location of its main office as Sioux Falls, South Dakota. Accordingly, under 28 U.S.C. § 1348 as interpreted in *Wachovia Bank v. Schmidt*, 546 U.S. 303, 307 (2006), Wells Fargo is a citizen of the state of South Dakota.

7.      Defendant DCR MORTGAGE III SUB I, LLC is a Delaware limited liability company with its principal place of business in St. Petersburg, Florida.  The only member and sole owner of DCR Mortgage III Sub I, LLC is DCR Mortgage Partners III, L.P., a Delaware limited partnership with its principal place of business in St. Petersburg, Florida.  None of the partners of DCR Mortgage Partners III, L.P. are incorporated or domiciled in Nevada.  The only general partner of DCR Mortgage Partners III, L.P. is DCR III Investors, LLC, a Delaware limited liability company with its principal place of business in St. Petersburg, Florida.  None of the members of DCR III Investors, LLC are incorporated or domiciled in Nevada.  The majority member of DCR III Investors, LLC is Directed Capital Resources, LLC, a Florida limited liability company with its principal place of business in St. Petersburg, Florida.   None of the members of Directed Capital Resources, LLC are incorporated or domiciled in Nevada.  Accordingly, under 28 U.S.C. § 1332(c)(1), DCR is a citizen of Delaware and Florida.

8.      Defendant WELLS FARGO FOOTHILL, INC. changed its name to Wells Fargo Capital Finance, Inc. ("WFCF") in January 2010.  Therefore, WFCF is the proper defendant.  WFCF is a California corporation with its principal place of business in Santa Monica, California. Accordingly, under 28 U.S.C. § 1332(c)(1), WFCF is a citizen of California.

9.      Defendant ACTION FORECLOSURE SERVICES, INC. ("Action Foreclosure") is a California corporation with its principal place of business in San Diego, California. Accordingly, under 28 U.S.C. § 1332(c)(1), Action Foreclosure is a citizen of California.

10.     Furthermore, the state court's online docket as of the date this Notice of Removal was signed and filed does not show that a proof of service of summons was ever filed as to any defendant.

DEFENDANT DCR MORTGAGE III SUB I, LLC NOTICE OF REMOVAL PURSUANT TO 28 U.S.C. §§ 1441, 1446

11. The Ninth Circuit Court of Appeals in *Destfino v. Reiswig*, 630 F.3d 952, 956 (9th Cir. 2011) (citing *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347 (1999)), held that unserved defendants need not consent to removal. Therefore, DCR may remove this action regardless of whether any other defendant consented prior to removal. In this case, all other co-defendants have indicated, in response to DCR's inquiries that they had not been formally served with the summons or complaint and that they also consent to removal. Such consent, of course, does not waive their right to be formally served with a federal summons and complaint after removal in the event that they were not validly served under Nevada law with a summons and complaint prior to removal.

12. The amount in controversy exceeds the $75,000 statutory requirement because Plaintiff admits in its Complaint the existence of a $500,000 debt secured by the Subject Property. (Compl., ¶ 9 at p. 2.) Plaintiff also admits that the note provided for a final balloon payment which was either in the amount of $403,757.59 or $399,463.09. (Compl., ¶ 9 at p. 2.) Furthermore, Plaintiff contends that DCR took the position in the March 29, 2010 Notice of Default that $488,587.04 was due and owing, while it was Plaintiff's position that as of January 1, 2007, it had owed only $399,463.09 on the note, and that by making an additional 39 payments, it had reduced the balance due to $304,078.15. The Ninth Circuit has held that the amount of controversy in an action challenging a nonjudicial foreclosure is either the amount of the underlying loan or the market value of the property. *Garfinkle v. Wells Fargo Bank*, 483 F.2d 1074, 1076 (9th Cir. 1973) (analyzing foreclosure under prior version of 28 U.S.C. § 1331 which imposed amount in controversy requirement for federal question actions). Regardless of whether the amount in controversy is $304,078.15, $399,463.09, $403,757.59, $488,587.04, or $500,000.00, the amount in controversy requirement has clearly been met.

///
///
///
///
///
///

13. Pursuant to 28 U.S.C. § 1446(d), upon the filing of this Notice of Removal, DCR will promptly file a notice in the Second Judicial District Court of the State of Nevada, in and for the County of Washoe, to complete this removal. DCR will also promptly serve Plaintiff with this Notice of Removal as well as the notice to be filed in the state district court.

DATED: March 7, 2011                    JONES VARGAS

By: /s/ John P. Desmond
ELIZABETH FIELDER
State Bar No. 6294
JOHN P. DESMOND
State Bar No. 5618
JUSTIN J. BUSTOS
State Bar No. 10320
100 W. Liberty St, 12th Floor
P.O. Box 281
Reno, NV 89504-0281

EDWARD D. VAISBORT
State Bar No. 6153
LITCHFIELD CAVO LLP
245 S. Los Robles Avenue, Suite 450
Pasadena, CA 91101-3638

*Attorneys for Defendant*
*DCR MORTGAGE III SUB I, LLC*


**CERTIFICATE OF SERVICE**

I certify that I am an employee of JONES VARGAS, and that on this date, pursuant to FRCP 5(b), I am serving a true copy of the foregoing **DEFENDANT DCR MORTGAGE III SUB I, LLC NOTICE OF REMOVAL PURSUANT TO 28 U.S.C. §§ 1441, 1446**, on the parties set forth below by:

- X Placing an original or true copy thereof in a sealed envelope placed for collection and mailing in the United States Mail, at Reno, Nevada, postage prepaid, following ordinary business practices
-     Certified Mail, Return Receipt Requested
-     Via Facsimile (Fax)
-     Placing an original or true copy thereof in a sealed envelope and causing the same to be personally Hand Delivered
-     Federal Express (or other overnight delivery)

addressed as follows:

Tory M. Pankopf, Esq.
Tory M. Pankopf Ltd.
10471 Double R Blvd., Ste. C
Reno NV  89521

DATED this 7th day of March, 2010.

                                                                         /s/ Cindy S. Grinstead
                                                                        An employee of Jones Vargas