# EXHIBIT A

# EXHIBIT A

**F I L E D**
Electronically
02-22-2011:10:03:19 AM
Howard W. Conyers
Clerk of the Court
Transaction # 2045266

1  Tory M. Pankopf (SBN 7477)
2  **TORY M. PANKOPF LTD.**
   10471 Double R Blvd., Suite C
3  Reno, Nevada 89521
   Telephone: (530) 725-8263
4  Attorney for Plaintiff,
5  CENTER OF HOPE CHRISTIAN FELLOWSHIP,
   LOCAL, CHURCH OF GOD IN CHRIST
6

7

8

9              **IN THE CIVIL DIVISION**

10  **OF THE SECOND JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA**

11        **IN AND FOR THE COUNTY OF WASHOE**

12

13  CENTER OF HOPE CHRISTIAN
    FELLOWSHIP, LOCAL, CHURCH OF GOD IN         CASE NO:
14  CHRIST, a Domestic Non-profit Nevada
    Corporation,
15                                               DEPT. NO:

16               Plaintiff,
    v.
17

18  WELLS FARGO BANK NEVADA, N.A., DCR
    MORTGAGE III SUB I, LLC, a Delaware
19  Limited Liability Company, WELLS FARGO
    FOOTHILL, INC., a California Corporation,
20  ACTION FORECLOSURE SERVICES, INC., a
    California Corporation, and DOES 1 thru 10,
21  inclusive,

22               Defendants.

23

24  <u>**COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF**</u>

25        COMES NOW Plaintiff, CENTER OF HOPE CHRISTIAN FELLOWSHIP, LOCAL,

26  CHURCH OF GOD IN CHRIST, a Domestic Non-profit Nevada Corporation ("Plaintiff"), by

27  and through its attorney, Tory M. Pankopf, of the Law Offices of Tory M. Pankopf, Ltd.,

28  alleges and complains against defendants, WELLS FARGO BANK NEVADA, N.A., DCR

Law Offices of
Tory M. Pankopf Ltd.
10471 Double R Boulevard
Suite C
Reno, NV 89521
(530) 725-8263

- 1 -
COMPLAINT

1  MORTGAGE III SUB I, LLC, a Delaware Limited Liability Company, WELLS FARGO
2  FOOTHILL, INC., a California Corporation, ACTION FORECLOSURE SERVICES, INC., a
3  California Corporation, and DOES 1 thru 10, inclusive (collectively "Defendants") as follows
4  ("Complaint").

5      1.      Plaintiff, CENTER OF HOPE CHRISTIAN FELLOWSHIP, LOCAL, CHURCH
6  OF GOD IN CHRIST, a Domestic Non-profit Nevada Corporation ("Center of Hope"), resides
7  in Washoe County, Nevada.

8      2.      Defendant WELLS FARGO BANK NEVADA, N.A. ("WFB Nevada") is a
9  business entity doing business in Washoe County with its principal place of business located at
10 5340 Kietzke Lane, 2nd Floor, Reno, Nevada, 89511, and is the an alleged holder of the note
11 and deed of trust.

12     3.      Defendant DCR MORTGAGE III SUB I, LLC, a Delaware Limited Liability
13 Company, ("DCR Mortgage") is a foreign limited liability company doing business in Washoe
14 County and it has held itself out as the assignee of the note and deed of trust at issue in this
15 complaint.

16     4.      Defendant WELLS FARGO FOOTHILL, INC., ("WF Foothill") is a business
17 entity doing business in Washoe County and is an alleged holder of the note and deed of trust at
18 issue in this complaint.

19     5.      Defendant ACTION FORECLOSURE SERVICES, INC., a California
20 Corporation,, ("Action Foreclosure") is a business entity doing business in Washoe County and
21 is named as a relief defendant only. Action Foreclosure is the alleged substituted trustee under
22 the deed of trust that is the subject of this action and has caused a notice of default and notice of
23 sale to be recorded against the property described below.

24     6.      The real property commonly described as 1327 Pyramid Way, Sparks, Nevada,
25 assessor parcel number of 027-450-01, is situated in Washoe County, Nevada (the "Property").
26 It is described further as:

27
28

Law Offices of
Tory M. Pankopf Ltd.
10471 Double R Boulevard
Suite C
Reno, NV 89521
(630) 726-8263

- 2 -
COMPLAINT

ALL THAT PART LOT 2, OF THE NORTHEAST 1/4 OF SECTION 5, TOWNSHIP 19 NORTH, RANGE 20 EAST, M.D.B. & M., LYNG SOUTH AND EAST OF THE NORTH TRUCKEE IRRIGATION DITCH AND WEST OF THE WEST RIGHT-OF-WAY LINE OF STATE HIGHWAY ROUTE NO. 32.

7.      Plaintiff is ignorant of the true names and capacities of defendants sued herein as Does 1 through 10, inclusive, and therefore sues these defendants by such fictitious names. Plaintiff will amend this complaint to allege their true names and capacities when ascertained. Plaintiff is informed and believes and thereon alleges that each of the fictitiously named defendants is responsible in some manner for the occurrences herein alleged and that Plaintiff's damages as herein alleged were proximately caused by their conduct.

## GENERAL ALLEGATION OF FACT

8.      Plaintiff is a Christian church. It is a non-profit domestic corporation located at the Property. Plaintiff's members worship and practice their religion at the Property. Plaintiff is the borrower under the promissory note at issue and the trustor under the deed of trust securing it.

9.      On February 21, 2002, Plaintiff entered into an agreement with defendant WFB Nevada to borrow a principle amount of $500,000 which would be secured against the Property (the "Note").

10.     Pursuant to the terms of the Note, Plaintiff was obligated to make 57 regular payments in the amount of $4,635.00 which included principle and interest. Plaintiff made each of the 57 regular payments as agreed.

11.     The interest rate on the Note is 7.5% amortized over 15 years.

12.     The Note had a balloon payment due on January 1, 2007, in the estimated amount of approximately $403,757.59. The actual amount due on January 1 was $399,463.09.

13.     Prior to the payment of the balloon payment and pursuant to the Note, Plaintiff contacted DCR Mortgage and inquired about extending, renewing, and/or refinancing the Note. DCR Mortgage waived the balloon payment and agreed to extend the Note. DCR Mortgage extended the Note by agreeing to waive the balloon payment and agreeing to continue to accept the monthly payments of principle and interest in the amount of $4,635.00 ("Amended Note").

Law Offices of
Tory M. Pankopf Ltd.
10471 Double R Boulevard
Suite C
Reno, NV 89521
(530) 725-8263

- 3 -
COMPLAINT

1  Ten months after DCR Mortgage agreed to extend the Note it sent Plaintiff a notice that RCH
2  Loan Servicer was servicing the loan and that payments were to be sent to it.

3      14.    In accordance with the agreed novation, Plaintiff continued to make its payments
4  for another 39 months until April 2010.

5      15.    At no time after January 1, 2007, and before March 29, 2010, did DCR Mortgage
6  ever notify Plaintiff that it was in breach of the original Note or the Amended Note.

7      16.    On March 29, 2010, the agent of DCR Mortgage, Action Foreclosure caused a
8  notice of default to be recorded in Washoe County and served on Plaintiff ("NOD").  In the
9  NOD, DCR Mortgage contended $488,587.04 was due and owing on the Amended Note.
10 However, as of January 1, 2007, the amount owed on the Note was $399,463.09.  Since January
11 1, 2007, Plaintiff made an additional 39 payments of principle and interest.  The amount owing
12 on the Note after the 39th payment was approximately $304.078.15.

13     17.    DCR Mortgage's recording and serving of the NOD is a breach of the agreement.

14     18.    After DCR Mortgage breached the parties agreement, Plaintiff stopped making
15 its monthly payment to DCR Mortgage.

16     19.    Since the breach Plaintiff has tried to resolve the dispute with DCR Mortgage.
17 Plaintiff's efforts were met with DCR Mortgage's agent causing a notice of sale to be recorded
18 in Washoe County and served on Plaintiff ("NOS").  The sale date is set for February 24, 2011,
19 at 11:00 a.m.

20     20.    Prior to the NOS, on January 27, 2011, pursuant to the Note, Plaintiff sent its
21 demand for binding arbitration to both WFB Nevada and DCR Mortgage via certified mail,
22 return receipt requested.  Plaintiff requested a response within 5 business days.  To date neither
23 WFB Nevada nor DCR Mortgage have responded to the demand.

24     21.    Based upon information and belief, on or about December 26, 2006, DCR
25 Mortgage transferred its alleged interest under the note and deed of trust to defendant WF
26 Foothill.  At no time was Plaintiff notified that either DCR Mortgage or WF Foothill was the
27 holder of the Note and beneficiary of the deed of trust.

28

Law Offices of
Tory M. Pankopf Ltd.
10471 Double R Boulevard
Suite C
Reno, NV 89621
(650) 726-8263

- 4 -
COMPLAINT

22.    Further, the DCR Mortgage's alleged assignment to WF Foothill calls into question why it would hold itself out as the holder of the Note as recently as December 2010.

### CAUSES OF ACTION

(Injunctive and Declaratory Relief[1])

23.    Plaintiff repeats and re-alleges each and every allegation contained in the preceding paragraphs and incorporates the same as though fully set forth herein.

24.    As alleged herein, Defendants have breached the agreement and refuse to submit the dispute to binding arbitration as contractually agreed.

25.    An actual controversy exists between Plaintiff and Defendants.

26.    Plaintiff is suffering immediate and irreparable harm in that Defendants refuse to submit their dispute to binding arbitration and are attempting to unlawfully sell its Property at a foreclosure sale currently set for February 24, 2011, at 11:00 a.m.

27.    Plaintiff seeks a declaratory judgment against Defendants stating that Note requires the parties to submit their disputes arising out of the agreement to binding arbitration.

28.    Plaintiff seeks an injunction enjoining Defendants from foreclosing on its Property and ordering them to binding arbitration.

29.    Plaintiff has been required to retain counsel in this matter to protect Plaintiff's rights and have incurred attorneys' fees and costs in this matter.

[1] NRS 31.010-30.160. The Uniform Declaratory Judgment Act opens the door to adjudication of innumerable complaints and controversies not theretofore capable of judicial relief and permits the courts to vindicate challenged rights, clarify and stabilize unsettled legal relations, and remove legal clouds which create insecurity and fear. St. 1929, c. 22, § 1 et. seq. Kresa v. Corey, 189 P.2d 352, 65 Nev. 1 (1948).

A Declaratory Judgment may, under appropriate circumstances, be coupled with injunctive relief. N.R.S. 31.010, 31.030, subd. 1, 31.040, 31.180. Aronoff v. Katieman, 345 P.2d 221, 75 Nev. 424 (1959). A declaratory judgment may be brought to determine an actual controversy. Pittenger v. Home Sav. and Loan Assn. of Los Angeles, 166 C.A.2d 32, 332 P.2d 399 (2d Dist. 1958); Green v. Cox. 44 Or.App. 183, 605 P.2d 1198 (1980), regarding the validity of a mortgage or trust deed, Cal.—R.G. Hamilton Corp. v. Corum, 218 Cal. 92, 21 P.2d 413 (1933);. Fla.—Rice v. Fremow, 165 So.2d 447 (Fla. Dist. Ct. App.2d 1964) or the rights, duties, and liabilities of the parties, U.S.—Manchester Gardens, Inc. v. Great West Live Assur. Co., 205 F.2d 872 (D.C. Cir. 1953); U.S. v. Park Side Court, Inc., 257 F.Supp. 177 (D.N.J. 1966), judgment aff'd, 376 F.2d 853 (3d Cir. 1987), Lomanto v. Bank of America, 22 Cal.App.3d 663, 99 Cal.Rptr. 442 (4th Dist. 1972). Including those of a trustee. Black v. Elkhorn Coal Corp., 233 Ky. 588, 26 S.W.2d 481 (1930). Declaratory relief is also appropriate to determine priorities between mortgages. Grambo v. South Side Bank & Trust Co., 141 Pa.Super. 76, 14 A.2d 925 (1940); Bank of Agusta v. Satcher Motor Co., 249 S.C. 53. 152 S.E2d 676 (1967); and the validity of a sale made by a trustee. Holland v. Pendleton Mortg. Co., 61 Cal.App.2d 570, 143 P.2d 493 (2d Dist. 1943).

Law Offices of
Tory M. Pankopf Ltd.
10471 Double R Boulevard
Suite C
Reno, NV 89521
(530) 725-8263

- 5 -
COMPLAINT

**WHEREFORE,** Plaintiff prays for judgment as follows:

1.  Judgment against Defendants;
2.  A declaration that Defendants are required to submit their dispute to binding arbitration;
3.  An order enjoining Defendants from foreclosing on the Property;
4.  An order requiring Defendants to submit to binding arbitration;
5.  For reasonable attorney's fees and costs incurred herein; and
6.  For such other relief the Court deems proper.

## AFFIRMATION Pursuant to NRS 239B.030

The undersigned does hereby affirm that this document does not contain the social security number of any person.

DATED: This 18th day of February, 2011.       **TORY M. PANKOPF LTD.**

                                        By:    /S/ TORY M. PANKOPF
                                               TORY M. PANKOPF, ESQ.
                                               #7477
                                               10471 Double R Boulevard, Suite C
                                               Reno, NV  89521
                                               *Attorney for Plaintiff,*
                                               CENTER OF HOPE CHRISTIAN
                                               FELLOWSHIP, LOCAL, CHURCH OF
                                               GOD IN CHRIST

Law Offices of
Tory M. Pankopf Ltd.
10471 Double R Boulevard
Suite C
Reno, NV 89521
(530) 725-8263

- 6 -
COMPLAINT