# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| CENTER OF HOPE CHRISTIAN FELLOWSHIP, LOCAL, CHURCH OF GOD IN CHRIST, ) ) ) ) | |
| Plaintiff, ) ) | 3:11-cv-00173-RCJ-VPC |
| vs. ) ) | **ORDER** |
| WELLS FARGO BANK NEVADA, N.A. et al., ) ) | |
| Defendants. ) ) | |

This case arises out of the foreclosure of a church's mortgage. Plaintiff's mortgage was designed with 15-year-amortized monthly payments of $4635, but with a balloon payment due in 2007. Plaintiff alleges an oral novation permanently waiving the balloon payment. The Court has declined to rule on the novation issue because it has determined the note and deed of trust require arbitration. The Court entered a preliminary injunction requiring arbitration and requiring Plaintiff to make interim monthly payments, which it has done, and also to post a bond of $90,000 by April 15, which it has not done. At the hearing, counsel calculated the fourteen months of missed payments to be equal to $64,890, giving $81,112.50 with a 25% buffer for fees and costs, so the Court rounded the required bond to $90,000. If bond is not posted by 5:00 p.m. on Friday, April 15, 2011, the injunction will dissolve automatically at 12:01 a.m. on April 18, 2011.

Plaintiff asks the Court to modify the injunction or extend the time to post bond.  Plaintiff claims that no bondsman or lender will post the bond or give Plaintiff a letter of credit in the required amount because of the risk that the equity in the property is not sufficient security.  Yet Plaintiff argues that the Court should permit it to post the equity in the property as bond directly and thereby put onto the enjoined Defendant the same risk that it admits no bondsman or lender will accept.  The Court will not accept the potential equity in the property as bond.  The refusal of bondsmen and lenders to accept that equity as security is a powerful indication that it is not as valuable as Plaintiff claims.  Plaintiff also argues that Defendant will not be prejudiced by a lack of bond because of the equity in the property, but again, that equity is uncertain.

At the preliminary injunction hearing, Plaintiff's counsel represented that Plaintiff had a cash reserve equal to at least half the fourteen months of missed payments, so Plaintiff should need to borrow no more than $58,000.  If Plaintiff had kept in reserve all of the payments that would have been due even under Plaintiff's novation theory, it would only need to raise $25,110 to post the $90,000 bond.  The Court will extend the time to post the $90,000 bond for twenty-one days.  However, if Plaintiff wishes to reduce the bond amount, it must file a separate motion showing good cause.

## CONCLUSION

IT IS HEREBY ORDERED that the Motion (ECF No. 23) is GRANTED in part and DENIED in part.  The time to post the $90,000 bond is extended for twenty-one (21) days to May 6, 2011.  The Preliminary Injunction Order (ECF No. 21) is AMENDED to extend all dates in paragraph 2 by twenty-one (21) days.  The other dates in the order are unaffected.

IT IS SO ORDERED.

Dated this 15th day of April, 2011.

_____
ROBERT C. JONES
United States District Judge